McLEESE,
Associate Judge, concurring:
I concur in the judgment, and I join the court’s opinion with the exception of n. 8 and the full paragraph on p. 76. In the portions of the opinion that I do not join, the court appears to suggest that an award of permanent disability benefits based on partial impairment of a part of the body specifically listed in D.C.Code § 32-1508(3) (2015 Supp.) (“scheduled permanent partial disability award”) must be tied to “loss of wage-earning capacity.” Ante at 76 n. 8.1 would not rule so broadly. As the court explains, ante at 75-76, the CRB did not decide in this case whether non-economic effects of an injury may properly be considered in determining a scheduled permanent partial disability award. Rather, the CRB upheld the ALJ’s decision on the ground that the personal and social effects of an injury may be considered to the extent that those effects adversely affect a claimant’s ability to perform job duties. Ante at 75-76. As the court further explains, however, the ALJ did not limit consideration of personal and social effects to those that adversely affected the claimant’s ability to perform job duties. Ante at 76-77.
Because we cannot affirm the CRB’s basis for upholding the ALJ’s decision, we would ordinarily remand for the CRB to consider in the first instance whether non-economic effects may properly be considered in determining a scheduled permanent partial disability award. See, e.g., Apartment & Office Bldg. Ass’n v. Public Serv. Comm'n 129 A.3d 925, 930 (D.C.2016) (“Generally, an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained. Thus, if a party asks this Court to affirm an agency order based upon a ground that was not considered by the agency, we ordinarily must remand for the agency to consider the new ground in the first instance.”) (citations and internal quotation marks omitted). Remand for consideration by the agency in the first instance is not required, however, if the question at issue could have only one permissible answer. Id. (“[Rjemand is not required in cases where ... it is clear what the agency’s decision has to be.”) (internal quotation marks omitted). I do not view this as such a case.
The applicable statute, D.C.Code § 32-1508, arguably suggests that noneconomic effects may properly be taken into account in determining a scheduled permanent partial disability award. Specifically, section 32-1508(3) provides specific monetary awards for permanent disability involving the complete loss of the use of specified parts of the body. It is well settled that the amount of such awards is not tied to a case-specific showing of economic effect. See, e.g., DeShazo v. District of Columbia Dep’t of Emp’t Servs., 638 A.2d 1152, 1156 (D.C.1994) (discussing prior codification of section 32-1508(3), court explains that benefits are determined “by reference to the *79 type of injury suffered ... without regard to actual wage loss.... The assumption underlying this approach is that, although the claimant may be able to continue working, the impact of the injury causing a permanent partial disability sooner or later will take its toll, and that the scheduled benefit will be an appropriate, if arbitrary, compensation to offset wage losses that eventually can be anticipated.”).
When a listed body part is partially impaired rather than completely lost, the award is determined as a proportion of the award for a complete loss. D.C.Code § 32-1508(3)(S). For purposes of calculating that proportion, the statute authorizes consideration of the American Medical Association’s Guides to the Evaluation of Permanent Impairment, along with five additional factors: pain, weakness, atrophy, loss of endurance, and loss of function. D.C.Code § 32-1508(3)(U-i). As we have explained, the AMA Guides assess the degree of medical impairment, not necessarily the degree of legal disability. Negussie v. District of Columbia Dep’t of Emp’t Servs., 915 A.2d 391, 397 (D.C.2007). The five other statutory factors focus on the physical condition of the body part at issue and are not explicitly tied to a case-specific assessment of the economic effects of an injury.
We have nevertheless held that scheduled permanent partial disability awards are not properly determined based solely on a non-economic medical determination as to the degree of physical impairment. Negussie, 915 A.2d at 395-99; see id. at 399 (“ ‘[Disability’ is an economic and legal concept which should not be confounded with a medical condition....”); D.C.Code § 32-1501(8) (2012 Repl.) (defining “disability” as “physical or mental incapacity because of injury which results in the loss of wages”). As far as I am aware, however, we have not held that scheduled permanent partial disability awards must be tied entirely to a case-specific assessment of actual or predicted “loss of wage-earning capacity.” Ante at 76 n. 8. To the contrary, our decisions arguably leave room for ALJs to base scheduled permanent partial disability awards at least in part on considerations — such as functional assessments of the degree of impairment — that are not tied to a case-specific assessment of actual or predicted loss of wage-earning capacity. See, e.g., Brown v. District of Columbia Dep’t of Emp’t Servs., 83 A.3d 739, 743 n. 6 (D.C.2014) (amount of scheduled permanent partial disability award “varies depending on the particular body part injured and the degree of its impairment, regardless of the actual wage loss the worker sustains as a result of the injury”); Jones v. District of Columbia Dep’t of Emp’t Servs., 41 A.3d 1219, 1224 (D.C.2012) (in determining scheduled partial permanent disability awards, ALJs “come[] to a conclusion based on a complex of factors, taking into account physical impairment and potential for wage loss”) (emphasis added).
In determining the amount of the award in this case, the ALJ gave independent weight to the injury’s effects on “personal and social activities.” The CRB did not rule in this case as to whether such effects, untied to actual or predicted economic impact, may properly be considered in determining the amount of a scheduled permanent partial disability award. I would remand for the CRB to address that issue in the first instance.